UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINO POLSELLI, JR., <br><br>  Plaintiff, <br><br> v. <br><br> SIDNEY AKI; ROBERT HOOD; MIOSES CASTILLO; U.S. CUSTOMS AND BORDER PROTECTION; KEVIN K. MCALEENAN, Acting Secretary, U.S. Department of Homeland Security; and DOES 1-30, inclusive, <br><br>  Defendants. | Case No.: 19-cv-1041-WQH-NLS <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Second Amended Complaint filed by Plaintiff Dino Polselli, Jr. (ECF No. 21).

## I. BACKGROUND

On June 3, 2019, Plaintiff Dino Polselli, Jr., filed a Complaint. (ECF No. 1). On September 3, 2019, Plaintiff filed a First Amended Complaint ("FAC") against Defendants Sidney Aki, Robert Hood, Moises Castillo, U.S. Customs and Border Protection ("CBP"), the United States of America, and the Acting Secretary of the U.S. Department of Homeland Security ("DHS"). (ECF No. 10). In the FAC, Plaintiff brought claims against

the Acting Secretary of DHS, "acting by and through" Defendants Sidney Aki, Robert Hood, and Moises Castillo, for disparate treatment based on disability under the Rehabilitation Act of 1973, retaliation based on protected activity under Title VII of the Civil Rights Act of 1964, hostile work environment under Title VII, constructive discharge, and disparate treatment based on age under the Age Discrimination in Employment Act ("ADEA"). (*Id.* at 5, 8, 11, 12, 14). Plaintiff further brought a claim against Defendant the United States of America for failure to pay wages under an employment contract and the Fair Labor Standards Act ("FLSA").

On September 16, 2019, Defendants filed a Motion to Dismiss Plaintiff's FAC. (ECF No. 13). On March 3, 2020, the Court issued an Order granting Defendants' Motion to Dismiss and dismissing Plaintiff's FAC without prejudice and with leave to file a motion for leave to amend the Complaint. (ECF No. 20). Specifically, the Court determined that it lacked subject matter jurisdiction over Plaintiff's ADEA claim and claim for failure to pay wages. The Court further dismissed Plaintiff's requests for punitive damages and dismissed Defendants Aki, Hood, Castillo, and the Doe Defendants, determining that "[t]he Acting Secretary of DHS is the only proper Defendant" on Plaintiff's remaining claims. (*Id.* at 20).

On April 2, 2020, Plaintiff filed a Motion for Leave to File Second Amended Complaint. (ECF No. 21). Plaintiff seeks to amend the Complaint to "remove[ ] the matters this Court dismissed, adding no new causes of action, and instead adding only factual details to conform to proof based on the same set of facts as those in the original Complaint." (*Id.* at 2).

On April 27, 2020, Defendants filed an Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 22). Defendants oppose Plaintiff's Motion "only to the extent it is inconsistent with the Court's Order granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint." (*Id.* at 1). Defendants contend that the proposed second amended complaint improperly identifies the United States of America as a Defendant in the body of the complaint and improperly identifies CBP, Kevin K. McAleenan, Aki, Hood, Castillo, and the Doe Defendants in the caption of the complaint.

Defendants further contend that "Plaintiff's proposed SAC seeks to include additional allegations that CBP failed to compensate Plaintiff for all hours worked . . . . The Court, however, dismissed Plaintiff's claim for unpaid wages." (*Id.* at 2).

On May 1, 2020, Plaintiff filed a Reply. (ECF No. 23). Plaintiff attaches to the Reply an amended proposed second amended complaint that substitutes Chad F. Wolf as the Acting Secretary of DHS in place of Kevin K. McAleenan and removes references to the United States of America as a Defendant. Plaintiff contends that Defendants fail make any showing of undue delay, bad faith, repeated failure to cure deficiencies, prejudice, or futility sufficient for the Court to deny the Motion for Leave to File Second Amended Complaint. Plaintiff contends that the proposed second amended complaint brings claims only against the proper Defendant, the Acting Secretary of DHS. Plaintiff further contends that the allegations that CBP failed to compensate Plaintiff for all hours worked "are made to demonstrate part of the pattern of intolerable working conditions that Defendant created for Plaintiff, and not as an individual claim for which Plaintiff is seeking off-the-clock wage-and-hour damages." (*Id.* at 3).

## II.  LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."

*Eminence Capital, LLC*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.

### III. RULING OF THE COURT

In the amended proposed second amended complaint, Plaintiff alleges claims against a single Defendant, Chad F. Wolf, the Acting Secretary of DHS, for disparate treatment based on disability under the Rehabilitation Act of 1973, retaliation based on protected activity under Title VII of the Civil Rights Act of 1964, hostile work environment under Title VII, and constructive discharge. Defendants have not shown that they would be prejudiced by the amendment or made "a strong showing" of undue delay, bad faith or dilatory motive, futility of amendment, or repeated failure to cure deficiencies. *Eminence Capital, LLC*, 316 F.3d at 1052. The Court finds that Defendants have failed to demonstrate that the *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis omitted). Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 21) is granted. Plaintiff shall file the amended proposed second amended complaint attached as "Exhibit A" to Plaintiff's Reply (ECF No. 23-3) within five (5) days of the date of this Order.

Dated: May 21, 2020

Hon. William Q. Hayes
United States District Court